UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REUBEN ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1413-B |
| | § | |
| CARROLLTON-FARMERS BRANCH | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Carrollton-Farmers Branch Independent School District's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Doc. 14). For the reasons that follow, the Court **GRANTS** the Motion **in part** and **DENIES** it **in part**.

## I.

## BACKGROUND

Plaintiff Reuben Zavala ("Zavala") brings this employment discrimination claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, alleging that his employer, Defendant Carrollton-Farmers Branch Independent School District (the "District"), failed to promote him on multiple occasions because of his speech impairment, created a hostile work environment, and retaliated against him for filing a formal grievance against his supervisor. Doc. 9, Pl.'s First Am. Original Compl. ¶¶ 7–32 [hereinafter "Pl.'s Am. Compl."]. Zavala, who is a warehouse worker for the District, complains that this discriminatory treatment began when he applied for a promotion in July 2013. During his interview for the new position, Zavala alleges, the warehouse

supervisor, Jack Good ("Good"), "made derogatory comments about [him], including statements about [his] speech impairment." *Id.* ¶ 12. Although Zavala insisted that his impairment would not prevent him from performing the job, he did not receive the promotion. *Id.*

After this incident, Zavala applied for the job of the individual who received the promotion, but was passed over in favor of a worker with less experience than Zavala and whom Zavala had trained. *Id.* ¶ 13. In February 2014, Zavala applied for yet another position, this one in the plumbing department, for which he contends his "previous carpentry, plumbing[,] and electrical experience" qualified him. *Id.* ¶ 14. Once again, though, the job went to someone with less experience—the plumbing supervisor did not want to hire Zavala because of his impairment. *Id.* In addition to the missed promotions, Zavala complains that Good "continually harassed, belittled, [and] bullied" him because of his disability. *Id.* ¶ 16. These incidents included having to handwrite a form that other employees could complete electronically, being denied overtime to complete that form when other employees were not, and being reprimanded for failing to complete tasks before the end of his shifts when other employees were given overtime to do so. *Id.* ¶¶ 17–18. This treatment created an environment where Zavala "was in constant fear of losing his job" and believed that Good "was attempting to force [him] to quit." *Id.* ¶ 19.

Zavala eventually filed a formal grievance with the District against Good in October 2014. *Id.* ¶ 16. In the grievance, he reported the discriminatory treatment recounted above and also requested a transfer to a different warehouse because he feared that Good would retaliate against him. *Id.* ¶¶ 16–21. The District did not transfer him, however, and later that month Zavala reported that the lead investigator for his grievance called him to a meeting where the plumbing supervisor was present. *Id.* ¶ 22. During this meeting, the investigator made "intimidating" comments to Zavala

and implied that he "was a trouble-maker." *Id.* Zavala was subsequently denied a job in the plumbing department, for which he had applied before the meeting, allegedly because the plumbing supervisor believed he was "difficult to work with." *Id.* ¶¶ 22–23. A second investigation into Zavala's grievance concluded that Good's July 2013 hiring decision was "based, in part, on [Zavala's] disability." *Id.* ¶ 24.

This series of events culminated with Zavala filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on November 6, 2014. *Id.* ¶ 27; Doc. 14-2, Def.'s App. 1, Charge of Discrimination [hereinafter "EEOC Charge"].[1] In the EEOC Charge, Zavala alleged that he was "subjected to discrimination because of [his] disability and retaliated against for filing an internal complaint." Doc. 14-2, EEOC Charge. He provided the following facts in support of this allegation: "On or about, September 26, 2014, Ms Trini Garza (HR Director) received a formal complaint against Jack Good (Warehouse Supervisor) who denied my promotion to Inventory Control and Shipping and Receiving because of my disability." *Id.* As the bases for this discrimination, Zavala checked the boxes marked "Retaliation" and "Disability," and indicated that the discrimination occurred between September 22, 2014, and October 31, 2014. *Id.* He did not check a box to indicate that the discriminatory action was continuing, although he alleges in his amended complaint that he "is still being denied promotions to different departments . . . based on

---

[1] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Zavala refers to the EEOC Charge in his complaint, and the District attached a copy to the instant motion. Furthermore, the Court concludes that it is central to Zavala's claim because he is required to exhaust his administrative remedies prior to filing suit under the ADA. *Dao v. Auchen Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). The EEOC Charge is therefore part of the pleadings for the purpose of deciding this motion.

his disability and in retaliation for filing a formal grievance." Doc. 9, Pl.'s Am. Compl. ¶ 26.

On February 6, 2015, Zavala received a "Notice of Right to Sue" concerning his EEOC Charge, and this lawsuit followed. *Id.* ¶ 6. The District has moved to dismiss some of Zavala's claims under Federal Rule of Civil Procedure 12(b)(6), contending that (1) all incidents occurring prior to January 10, 2014, are time-barred because only activity that occurred within 300 days before the filing of an EEOC charge of discrimination is actionable; and (2) Zavala has failed to exhaust administrative remedies for his hostile work environment claim. Doc. 14-1, Def.'s Br. in Supp. of Mot. for Partial Dismissal of Pl.'s First Am. Compl. 5–11 [hereinafter "Def.'s Br. in Supp."]. Zavala responded to the motion, arguing that the "continuing violation" theory saves his claims from the statute of limitations and that the allegations in the EEOC Charge sufficiently exhausted his administrative remedies. Doc. 16-1, Pl.'s Br. in Supp. of Pl.'s Resp. 2–6 [hereinafter "Pl.'s Br. in Supp."]. The Court has received the District's reply (Doc. 18), and so the Motion is ready for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

The two issues raised in this motion are whether Zavala can sue the District for allegedly discriminatory activity that occurred before January 10, 2014, and whether he has exhausted administrative remedies for his hostile work environment claim. The Court addresses each in turn.

A.  *Statute of Limitations*

In Texas, the ADA imposes a 300-day limit on discriminatory activity that can be the subject of an EEOC charge of discrimination.[2] That is to say, an aggrieved individual can only file a charge

---

[2] Texas is a "referral state," meaning that it has a "State . . . agency with authority to grant or seek relief from [discriminatory] practice[s] or to institute criminal proceedings with respect thereto upon receiving notice thereof." *See* 42 U.S.C. § 2000e-5(e)(1); *Decker v. Univ. of Hous.*, 970 F. Supp. 575, 578 (S.D. Tex. 1997). The Fifth Circuit has held that the ADA's "requirement that persons aggrieved must initially institute proceedings with the state referral agency is met by the EEOC's routine transmittal of a copy of the complaint to the state referral agency." *Messer v. Meno*, 130 F.3d 130, 134 n.2 (5th Cir. 1997). Neither party disputes that the EEOC transmitted a copy of Zavala's complaint to the state agency; he is therefore entitled to the

of discrimination based on activity that has occurred within the preceding 300 days. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002). It is undisputed that Zavala did not file the EEOC Charge until November 6, 2014, which limits him to claims for discrimination that occurred after January 10, 2014.

This means that his failure to promote claim from July 2013 cannot go forward. Zavala argues that this failure to promote is part of a "continuing violation," which is an exception to the usual limitations period. Doc. 16-1, Pl.'s Br. in Supp. 4–6.³ Under the continuing violation theory, when a plaintiff can show that "the cumulative effect of [a] discriminatory practice, rather than any discrete occurrence, . . . gives rise to the cause of action," not all of the discriminatory conduct must occur within the limitations period to be actionable. *Huckabay v. Moore*, 142 F.3d 233, 238–39 (5th Cir. 1998). A failure to promote, however, is a "[d]iscrete act" that "constitutes a separate actionable unlawful employment practice." *Morgan*, 536 U.S. at 114 (internal quotation marks omitted); *see also Shryer v. Univ. of Tex. Sw. Med. Ctr. at Dall.*, 587 F. App'x 151, 156 n.4 (5th Cir. 2014). If, as here, a plaintiff does not file an EEOC charge within 300 days of a failure to promote, he loses the right to bring suit for it. *See Morgan*, 536 U.S. at 114–15. Zavala's claim that the District failed to promote him because of his disability in July 2013 is thus time-barred.

The continuing violation exception does apply, though, to the "derogatory comments" that Good allegedly made during Zavala's job interview, insofar as they contributed to a hostile work environment. *See* Doc. 9, Pl.'s Am. Compl. ¶ 12. In deciding whether discriminatory activity is part

---

300-day period. *Id.*

³ Zavala's argument on this point could also be interpreted as abandoning the July 2013 failure to promote claim. Because the outcome is the same under either interpretation, the distinction is academic only.

of a continuing violation, courts in the Fifth Circuit consider three factors:

> (1) whether the alleged acts involve the same type of discrimination; (2) frequency of the acts, meaning whether they are recurring or "more in the nature of an isolated work assignment or employment decision"; and (3) whether the act has a degree of permanence that should trigger the employee's awareness of the need to assert h[is] rights.

*Wayne v. Dall. Morning News*, 78 F. Supp. 2d 571, 581–82 (N.D. Tex. 1999) (citing *Huckabay*, 142 F.3d at 239). Here, Good's comments during the interview involve the same subject matter as the acts of discrimination that fall within the limitations period: Zavala's speech impairment. The discrimination is also recurring—Zavala alleges that Good has "continually harassed, belittled, [and] bullied" him based on his impairment, including frequently reprimanding him but not others throughout 2014. Doc. 9, Pl.'s Am. Compl. ¶¶ 16–17. Furthermore, the comments, like the other alleged acts contributing to the hostile work environment, were not of the sort that would "put a worker on notice that his rights had been violated." *Huckabay*, 142 F.3d at 239 (finding that incidents of racial harassment, including being called "honky" and subjected to "ridicule and harassment on account of race," were part of a continuing violation); *see also EEOC v. Rock-Tenn Servs. Co., Inc.*, 901 F. Supp. 2d 810, 824 (N.D. Tex. 2012) (finding a continuing violation where racist graffiti had persistently covered the employer's bathrooms and locker room); *Blanchet v. Chevron/Texaco Corp.*, 368 F. Supp. 2d 589, 600–01 (E.D. Tex. 2004) (holding that a supervisor's sexual comments, including "off-color and sexual jokes," "statements regarding his sexual activity," and a nickname based on an employee's breast size were part of a continuing violation). Good's alleged conduct during the July 2013 interview is therefore part of a continuing violation and Zavala may properly include it in his hostile work environment claim.

The statute of limitations entitles the District to dismissal of Zavala's failure to promote claim

arising out of the July 2013 incident, but not of his hostile work environment claim based on Good's conduct leading up to the hiring decision. As for the second alleged failure to promote, Zavala has alleged only that it occurred after the July 2013 events but before February 2014. Doc. 9, Pl.'s Am. Compl. ¶¶ 13–14. As a result, the Court cannot discern whether this failure to promote claim falls outside the statute of limitations; it is therefore not "evident from the plaintiff's pleadings that the action is barred," and so the Court will not dismiss that claim either. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

B.   *Exhaustion of Administrative Remedies*

Although it is not time-barred, Zavala's hostile work environment claim may nonetheless be subject to dismissal for failure to exhaust administrative remedies. The ADA requires an aggrieved employee to exhaust his administrative remedies by filing a charge of discrimination with the EEOC prior to initiating a lawsuit. 42 U.S.C. §§ 2000e-5(e)(1), 12117; *Dao*, 96 F.3d at 789. This requirement serves "to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). But many, if not most, EEOC complainants are laypeople, who are "unlettered and unschooled in the nuances of literary draftsmanship," and the ADA is meant to protect them. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). To resolve this tension, courts have liberally construed the scope of EEOC charges, holding that a plaintiff's EEOC charge exhausts administrative remedies for "any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." *Id.* at 466. "In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of

the charge of discrimination." *Id.* With this in mind, the Court turns to Zavala's EEOC Charge.

Zavala concedes that his charge did not explicitly include a hostile work environment claim. Doc. 16-1, Pl.'s Br. in Supp. 3; *see also* Doc. 14-2, EEOC Charge. He does, however, contend that the claim "can reasonably be expected to grow out of the EEOC investigation of the allegations in the charge" because "the discriminatory acts (denial of promotion based on disability) and acts that created a hostile environment . . . are intertwined." Doc. 16-1, Pl.'s Br. in Supp. 3. The District feels differently, comparing this case to one in the Western District of Texas where the court found that the plaintiff's EEOC charge based on sex discrimination did not exhaust her administrative remedies for a hostile work environment claim. Doc. 14-1, Def.'s Br. in Supp. 13–14 (citing *Campos v. Ins. & Bonds Agency of Tex., LLC*, No. SA-12-CV-799, 2013 WL 321865 (W.D. Tex. Jan. 28, 2013)).

The Court agrees with the District. Even liberally construed, nothing in the EEOC Charge indicates that Zavala was enduring a hostile work environment. According to the charge, the discrimination lasted for just over a month, was not continuing, and consisted solely of discrete discriminatory acts (viz., failure to promote and retaliation). Doc. 14-2, EEOC Charge. Zavala argues that "it is clear that [he] only used those dates because he was referring to the time period that he filed a formal complaint." Doc. 16-1, Pl.'s Br. in Supp. 3. But the charge itself identifies September 26, rather than September 22, as the day that Zavala filed his grievance, and there is no reason given in that document for the October 31 end date. Doc. 14-2, EEOC Charge. Moreover, the relevant inquiry is not what Zavala subjectively meant in his description of the facts, but what the EEOC would reasonably have understood the content of the complaint to be and what an investigation into those events would reveal. For Zavala to prevail, the Court would have to find that allegations of failure to promote and retaliation necessarily carry with them a claim for a hostile work environment.

The Court declines to so hold, and finds itself in good company. *See, e.g., Twilie v. Erie School Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014) (finding that the plaintiff's EEOC charge based on disability discrimination did not exhaust administrative remedies for hostile work environment claim); *Fikes v. Wal-Mart, Inc.*, 322 F. App'x 882, 884 (11th Cir. 2009) (same); *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007) (finding that a plaintiff's EEOC charge based on termination and failure to promote did not exhaust administrative remedies for hostile work environment claim); *Adetimehin v. Healix Infusion Therapy, Inc.*, No. 14-CV-334, 2015 WL 1537280, at *5–6 (S.D. Tex. Apr. 6, 2015) (finding that an EEOC charge based on failure to accommodate a disability did not exhaust administrative remedies for hostile work environment claim); *Austin v. Am. Inst. for Research*, 75 F. Supp. 3d 247, 253–54 (D.D.C. 2014) (finding that allegations of discrete discriminatory actions in an EEOC charge did not exhaust administrative remedies for hostile work environment claim under Title VII); *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 850 (E.D. Tex. 2014) (same).[4] Consequently, Zavala's hostile work environment claim must be dismissed because he has failed to exhaust his administrative remedies.

C.      *Leave to Amend*

The Court has concluded that the statute of limitations bars Zavala's July 2013 failure to promote claim and he has not exhausted administrative remedies for his hostile work environment claim. These are both fatal defects that amendment cannot remedy. Accordingly, the Court will not

---

[4] Decisions from other circuits are relevant only if those courts use the same test as the Fifth Circuit for determining the scope of an EEOC charge of discrimination. Each of the courts cited, however, have approved the test set out in *Sanchez*, 431 F.2d at 466. *See, e.g., Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004); *President v. Vance*, 627 F.2d 353, 362 n.65 (D.C. Cir. 1980); *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976).

grant Zavala leave to amend his complaint. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("[A] trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

IV.

CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the District's Motion for Partial Dismissal of Plaintiff's First Amended Complaint. Zavala's failure to promote claim from July 2013 is **DISMISSED with prejudice** because it is time-barred, and his hostile work environment claim is **DISMISSED without prejudice** because he has not exhausted his administrative remedies. Zavala may proceed with his post-July 2013 failure to promote claims and his retaliation claims.

SO ORDERED.

SIGNED: December 21, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE